UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LEIGH MEFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>BHUTIA, et al.,<br><br>    Defendants. | No. 2:18-cv-3117 EFB P<br><br>ORDER |

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis (ECF No. 2) and a motion to appoint counsel (ECF No. 3).

## Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff has alleged two separate claims in his complaint.

First, he alleges that defendant Bhutia – the unit psychiatrist at the California Medical Facility – ordered the administration of medication he was allergic to. ECF No. 1 at 7. He claims that his allergy to the medication – "Thorozine" – was well documented and Bhutia should have been aware of the impropriety of her prescription. *Id.* Plaintiff alleges that he was hospitalized and suffered a "permanent impairment" as a consequence of the medication. *Id.* at 5, 7. Also implicated in this claim are defendants Martinez and Smith. Plaintiff claims that Martinez – a psychiatric technician – physically administered the shot ordered by Bhutia despite plaintiff's

2

protestations that he was allergic. *Id.* at 8. Plaintiff alleges that Smith – a senior "MTA" – pressured Bhutia to order the shots, though he does not specify how Smith did so. *Id.* at 9.

Second, plaintiff brings a separate claim for excessive force against defendant Heath – a correctional officer. *Id.* Plaintiff claims that during a medical evaluation he became "frantic and anxious" because Smith was advocating for the shots he was allergic to. *Id.* As a consequence, he "stood up a little quick" and Heath responded by using "extreme force." *Id.* Heath purportedly slammed plaintiff head-first into a wall, causing him to lose consciousness. *Id.* Heath subsequently applied his body weight to restrain plaintiff, but inadvertently suffocated him.[1] *Id.*

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The question of whether medical personnel were deliberately indifferent in prescribing medication is separate – both legally and factually – from the question of whether Heath used excessive force in restraining plaintiff during a medical evaluation. Thus, these claims cannot be litigated jointly.

Plaintiff's complaint will be dismissed with leave to amend so that he may correct the foregoing deficiency.

III. <u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to

---

[1] Plaintiff does not explain how he became aware of Heath's subsequent actions if the initial force used by Heath rendered him unconscious.

3

perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Motion to Appoint Counsel</u>

Plaintiff's motion for appointment of counsel is denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th

Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). At this stage, and having considered the foregoing factors, the court finds there are no exceptional circumstances in this case.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's motion for appointment of counsel (ECF No. 3) is DENIED;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

5. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: August 6, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE